FEDERAL CREDIT BUREAU, INC., Plaintiff, Respondent, *v.* GOTHAM STEAM LAUNDRY CO., INC., and Others, Defendants, Appellants, and GRAMERCY LINEN SUPPLY, INC., and Others, Defendants, Impleaded, Respondents.

Supreme Court, Appellate Term, First Department, December 16, 1930.

*Teitelbaum & Jay* [*Louis Jay* of counsel], for the appellants.

*Eliot E. Berkwit* [*Louis H. Dorkin* of counsel], for the plaintiff, respondent.

*Holley & Oxenberg* [*Myle J. Holley* of counsel], for the defendants, impleaded, respondents.

PER CURIAM. Paragraph 8 of the original agreement of March 8, 1926, not only required the sellers to pay the income taxes assessed for the first two months of 1926 but provided that if the Federal or State government made a claim for additional taxes for any year prior to 1926 which must be paid, the sellers were to make the payment. The fact that the tax therein was assessed against a successor company and not the original company or the buyer, did not make the seller less liable as the agreement plainly intended that all government taxes prior to 1926 would be found paid or the sellers would save the buyer harmless. The parties did not refer to taxes to be assessed against the buyer of the stock but

against the company the stock of which was intended to be sold. In 1927 the successor of the company whose stock was intended to be purchased was billed for an increased franchise tax for the year beginning November 1, 1926, due to the failure of the old company to properly report income prior to 1926. The liability thus created was clearly one within the agreement of March 8, 1926, assumed by the subsequent agreement of March 19, 1926, and included in the liability indemnified against by the individual defendants Walton B. Chipperfield, John A. Chipperfield and Edward P. Holder. The language of the agreements created liability without actual payment of the taxes. The proofs of the defendants, appellants, do not make out a cause of action against Quality Laundry Service, Inc. As to Henley Holding Corporation and Tribute Holding Corporation it does not appear that the sale of stock by them was consummated.

Judgment in so far as it dismisses the counterclaim of defendant, appellant, Gotham Steam Laundry Co., Inc., against the impleaded defendants Gramercy Linen Supply, Inc., Walton B. Chipperfield, John A. Chipperfield and Edward P. Holder reversed and judgment directed in favor of said defendant, appellant, Gotham Steam Laundry Co., Inc., against said impleaded defendants for the sum of $1,265.99, with interest and costs to said defendant, appellant, against said impleaded defendants; in all other respects judgment affirmed, with costs to plaintiff against appellants.

All concur; present, LYDON, LEVY and CALLAHAN, JJ.